THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FRED JAYSON, PLAINTIFF IN ERROR.

Argued March 2, 1920—Decided June 14, 1920.

1. Where the jury convicted only of simple assault and battery defendant cannot complain of error in the charge on atrocious assault and battery.
2. On the trial of an indictment for assault and battery, an instruction that, in defending himself from an assault made upon him a person's act is justified when that act is or reasonably appears to be necessary in order to protect himself from bodily harm, did not prejudice the defendant merely because it did not extend the right to the taking of life in accordance with the rule applicable to *homicide cases* that a man may protect himself, *even to the extent of taking the life of his adversary,* when that act is, or reasonably appears to be, necessary in order to preserve his own life, or to protect himself from serious bodily harm.
3. An error in an instruction in a criminal case which is prejudicial only to the state will not lead to a reversal of the judgment upon conviction.
4. On the trial of an indictment for assault and battery, it is not erroneous for the judge, after charging that the act of the defendant was justified if that act was or reasonably appeared to be necessary in order to protect himself from bodily harm, to

further instruct the jury that "it is not the law that a man can make himself the judge of his own situation," when it appears that the judge immediately added that "the jury is to determine whether or not he was in danger of receiving bodily harm or had reasonable ground for believing he was in danger of bodily harm."

5. To justify the defendant upon the ground of self-defence there must have been either an actual necessity for resorting to violence for self-protection, or such violence must have reasonably appeared to the defendant to be necessary for his own protection, and that necessity must have been or reasonably appeared to him to have been a necessity for using the means that were used to secure the defence of his person. Therefore, on the trial of an indictment charging both simple assault and battery and atrocious assault and battery in which the evidence tended to show that the defendant cut his adversary with a knife, it was not erroneous to refuse to charge that if the defendant was in such danger that it was necessary to "strike" his adversary the verdict should be not guilty.

6. An accused is justified in using force to defend his person only when force is necessary, or reasonably appears to be necessary, to accomplish that end. If the injury apprehended can be otherwise avoided, the accused is bound to avoid the danger without resorting to violence; and even if the circumstances be such as to require the use of force to repel the assault, he is inexcusable if he carries his defence beyond the bounds of necessity. The danger must be immediate and must be actual or else apprehended on reasonable grounds of which the jury is the judge.

---

On error to the Supreme Court.

For the plaintiff in error, *Edward Schoen.*

For the defendant in error, *J. Henry Harrison,* prosecutor of the pleas, and *Wilbur A. Mott,* assistant prosecutor.

The opinion of the court was delivered by

TRENCHARD, J. The grand jury of Essex county found an indictment against Fred Jayson containing two counts—one charging him with simple assault and battery upon Frank Scheel, and the other with atrocious assault and battery upon the same person by maiming and wounding him with a knife.

He was convicted in the Quarter Sessions of simple assault and battery. The judgment upon that conviction was brought

into the Supreme Court for review by a writ of error and was there affirmed.

The judgment is now before us for review on a writ of error to the Supreme Court.

No part of the evidence taken at the trial was returned with the writ of error, but counsel agree that "the charge of the judge contains a substantial summary of the testimony."

The assignments of error are all predicated either upon alleged errors in the charge or on the refusal to charge as requested.

We are of the opinion that the judgment should not be disturbed.

The first point argued is, that the judge erroneously defined atrocious assault and battery.

Considering the instructions as a whole, we incline to think that the definition was proper. But whether so or not is unimportant, because if erroneous it could not have prejudiced the defendant, since the jury practically acquitted him of atrocious assault and battery by finding him guilty only of simple assault and battery. *State* v. *Moynihan,* 93 *N. J. L.* 253.

The next point is, that the judge erred in his instruction upon the right of self-defence, in that he did not extend it to the taking of life.

But this was the trial of an indictment for assault and battery (not involving the taking of life) and the instruction, which was that, in defending himself from an assault made upon him a person's act is justified when that act is, or reasonably appears to be, necessary in order to protect himself from bodily harm, did not prejudice the defendant merely because the court did not extend the right to the taking of life in accordance with the rule applicable to *homicide cases* that a man may protect himself, *even to the extent of taking the life of his adversary,* when that act is, or reasonably appears to be, necessary in order to preserve his own life, or to protect himself from serious bodily harm. *State* v. *Bonofiglio,* 67 *N. J. L.* 239.

The defendant seems to contend that the instruction was erroneous, in that it made the justification of the defendant's act to depend upon reasonable apprehension of "bodily harm," instead of "serious bodily harm," essential to homicide cases. But we find it unnecessary to deal with that contention further than to say that if erroneous the error was prejudicial only to the state and not to the defendant, and, of course, will not lead to a reversal.  *State* v. *Mellillo*, 77 *N. J. L.* 505, 509.

We also think that it was not erroneous for the trial judge, after charging that the act of the defendant was justified if that act was, or reasonably appeared to be, necessary in order to protect himself from bodily harm, to further instruct the jury that "it is not the law that a man can make himself the judge of his own situation," when, as appears, the judge immediately added that "the jury is to determine whether or not he was in danger of receiving bodily harm or had reasonable ground for believing he was in danger of bodily harm." *State* v. *Brown*, 62 *N. J. L.* 666, 702; *State* v. *Mellillo, supra.*

We also think that the judge did not err in refusing to charge that "if the defendant was in such danger of receiving great bodily harm that it was necessary to strike Scheel he would be justified and your verdict should be not guilty."

To justify the defendant upon the ground of self-defence there must have been at the time either an actual necessity for resorting to violence for self-protection, or such violence must have reasonably appeared to the defendant to be necessary for his own protection, and that necessity must have been, or reasonably appeared to him to have been, a necessity for using the means that were used to secure the defence of his person.  *State* v. *Brown*, 62 *N. J. L.* 666.

It does not follow, as a matter of law, that if the defendant had a right to *strike* Scheel, he had a right to cut him with a knife, as the evidence indicated that he did, and as charged in the second count of the indictment; and, therefore, it does not follow that, if the defendant had a right to *strike* Scheel, the verdict should have been not guilty.  Assuming that the defendant had a right to *strike* Scheel, it was for the jury to

say whether it reasonably appeared to him to be necessary to use the knife for that purpose, and if the jury found that it did not, the defendant was guilty under the second count.

We also think that there was no error in refusing to charge that "if you find that Scheel prepared for and provoked the affray, and that the defendant acted in self-defence, your verdict should be not guilty."

An accused is justified in using force to defend his person only when force is necessary, or reasonably appears to be necessary, to accomplish that end. If the injury apprehended could be otherwise avoided the accused was bound to avoid the danger without resorting to violence; and even if the circumstances be such as to require the use of force to repel the assault, he will be inexcusable if he carried his defence beyond the bounds of necessity. The danger must be immediate and must be actual or else apprehended on reasonable grounds of which the jury is the judge.

Tested by these principles the request was faulty. Whether the verdict should have been guilty or not guilty depended upon the manner in which the defendant exercised the right of self-defence, if he had such right; and whether, although acting in self-defence, he used more force than was necessary. In other words, from the mere fact that the defendant may have acted in self-defence when he *struck* Scheel, as charged in the first count, it does not follow that he was acting in self-defence when he cut him, as charged in the second count, and it was for the jury to determine whether he carried his defence beyond what was necessary, or reasonably appeared to be necessary, and if he did he was guilty.

The judgment will be affirmed, with costs.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ. 10.

*For reversal*—None.